**Ginny BELL, et al., Plaintiffs,**

**v.**

**AMCAST INDUSTRIAL CORP., Defendant.**

**No. C–1–84–1011.**

United States District Court, S.D. Ohio, W.D.

April 17, 1985.

Jonathan M. Norman, Cincinnati, Ohio, Gerald L. Draper, Columbus, Ohio, for plaintiffs.

William R. Hardy, Cincinnati, Ohio, Kovar, Nelson & Brittain, Chicago, Ill., for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court *sua sponte* for consideration of its jurisdiction to hear the case. The Court finds that such jurisdiction is lacking and orders the

case remanded to the Court of Common Pleas, Lawrence County, Ohio.

The facts, as alleged in the Complaint, can be simply stated. The plaintiffs are 24 former salaried employees of defendant. They worked at defendant's Ironton, Ohio facility until it ceased production at the end of April, 1984. Plaintiffs were informed of the impending shutdown on January 25, 1984, at a meeting convened by defendant's Vice President of Human Resources, L.J. Brunskill. At the meeting, plaintiffs were asked to continue working at the facility until the shutdown. In exchange, defendant agreed to maintain the severance policy it had instituted in 1979. Under the policy, each plaintiff would receive money in an amount equal to his weekly salary multiplied by his number of years with the company. Insurance coverage and profit-sharing benefits would also extend beyond termination for a number of weeks equal to the number of years with the company.

Plaintiffs contend that their continued work at the facility allowed defendant to continue full production until the shutdown thereby improving defendant's bargaining position in negotiations over sale of the facility.

The week before the shutdown, Brunskill convened another meeting with plaintiffs and informed them of a change in the severance policy. Rather than receive the benefits outlined in the 1979 policy, plaintiffs would receive only supplemental unemployment benefits that, when combined with Ohio Unemployment Compensation, would equal the amount of money promised under the policy. Plaintiffs would not receive insurance or profit-sharing benefits.

Plaintiffs filed a Complaint in the Court of Common Pleas, Lawrence County, Ohio claiming breach of contract, promissory estoppel, and fraud. Defendant removed the case to this Court under 28 U.S.C. § 1441 claiming that the suit was covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1381 (1982).

■ Apparently content with the federal forum, plaintiffs did not move for remand but instead amended their Complaint to add three additional ERISA counts. Unfortunately, this apparent stipulation by the parties cannot confer jurisdiction upon this Court. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). The jurisdiction of this Court is limited and may only be invoked after the satisfaction of specific jurisdictional requirements. It is incumbent upon this Court, therefore, to make an independent inquiry to see whether those requirements have been met.

■ Section 1441(a) permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (1982). If at any time before final judgment, however, it appears that the case was removed improvidently and without jurisdiction, the district court shall remand. 28 U.S.C. § 1447(c) (1982). In determining whether a complaint is within its original jurisdiction, the Court must look to the complaint as it existed at the time of the petition for removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939); *In re: Carter,* 618 F.2d 1093, 1101 (5th Cir.1980); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir. 1979). A complaint improvidently removed cannot confer the jurisdiction necessary to entertain its amendment. *Libhart,* 592 F.2d at 1065. The jurisdictional sufficiency of this case, then, must rise or fall on the basis of plaintiffs' original Complaint.

■ An analysis of subject matter jurisdiction begins with the "well-pleaded complaint" rule.

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessary appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). This Court can hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. 103 S.Ct. at 2856.

■ The instant Complaint establishes neither of the above prerequisites. Plaintiffs' causes of action are the creatures solely of state common law. Further, the Complaint does not show that the relief requested necessarily depends on any federal law. No mention is made of federal law, much less an alleged ERISA violation in the administration, funding, or disbursement of the severance policy. The policy is represented as defendant's consideration in a contract entered into between it and the plaintiffs. The dispute centers around that oral agreement. The way the Complaint reads, plaintiffs may concede defendant's full compliance with ERISA and still maintain its action. The policy's coverage by or compliance with ERISA is irrelevant to the central issues in the case—whether defendant breached a contract negotiated in April, 1984, committed fraud on that date, or acted in such a way as to justify application of promissory estoppel.

Two recent cases support the above conclusion. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), presented the United States Supreme Court with a suit by the California Franchise Tax Board against a trust established to provide workers with paid vacations. The Board brought the suit in state court under a state statute that required persons in possession of the personal property of delinquent taxpayers to withhold the amount of the delinquency and transmit that amount to the Board.[1] Defendant removed the case to federal court and plaintiff moved for remand. The Supreme Court held that the case must be remanded because the Complaint did not invoke federal jurisdiction. Despite the fact that the vacation trust was governed by ERISA, the Court held that the delinquency claim established a set of conditions, without reference to federal law, under which it might be enforced. *Id.* at 2848.

In a case out of the Fifth Circuit, Kathleen Powers was told by a representative of her health plan, prior to having her son hospitalized, that her plan would cover the expenses incurred. *Powers v. Health & Welfare Trust,* 719 F.2d 760 (5th Cir.1983). When the plan did not, plaintiff sued for fraud, negligence, and violation of the Texas Deceptive Trade Practices—Consumer Protection Act. Defendant removed on the grounds that the action was governed by ERISA and plaintiffs moved for remand. The United States Court of Appeals for the Fifth Circuit, applying *Franchise Tax Board,* held that the case did not arise under federal law and that the district court did not, therefore, have jurisdiction to hear the controversy. The Complaint simply "alleged no federal cause of action, raised no federal issue, and relied on no federal statute." *Id.* at 765.

Underlying the defendants' positions in both cases was the fact that ERISA may preempt the state claims and become the plaintiffs' sole basis for relief. Nevertheless, both Courts noted that the existence of a preemption issue in a case does not create a federal question allowing removal.[2] 103 S.Ct. at 2848; 719 F.2d at 765.

Along a slightly different vein, the instant defendant argues in its Petition for

---

1. The Complaint included a second cause of action under the California Declaratory Judgment statute seeking a declaration of the parties' rights in relation to ERISA. The analysis used to justify the remand was unique to declaratory judgment actions and inapplicable to the claims in the case at bar. 103 S.Ct. at 2848, 49–53.

2. This Court expresses no opinion as to the merits of any preemption issue that may arise in the case at bar.

Removal for the application of a corollary to the well-pleaded complaint rule that prohibits a plaintiff from defeating removal by omitting to plead necessary federal questions in a complaint. *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists*, 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Defendant contends that the Complaint is not a claim for relief under state common law theories but it is, in reality, an attempt to "recover benefits" and "enforce rights" under 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(1)(B) gives an ERISA participant or beneficiary a civil cause of action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." Section 1132(e) in turn gives state and district courts concurrent jurisdiction to hear cases arising under § 1132(a)(1)(B) thus making them removable under 28 U.S.C. § 1441(a).

The Supreme Court rejected the same argument in *Franchise Tax Board*. The argument there was based on *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists*, 376 F.2d 337 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), a case that held that a suit brought in state court by an employer for breach of its "contract" with a union necessarily arose out of § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1982). The movant urged the same treatment be given state claims arguably governed by ERISA.

The Supreme Court refused to adopt the analogy and limited *Avco Corp.* to situations where the federal cause of action completely preempts a state cause of action. *Franchise Tax Board*, 103 S.Ct. at 2854. While the preemptive force of § 301 does displace entirely any state cause of action for violation of a contract between an employer and a labor organization, the Court declined to go that far with ERISA noting that ERISA "does not purport to reach every question relating to plans covered by ERISA," nor did Congress "intend to preempt entirely every state cause of

action relating to such plans." *Id.* at 2854–55.

The Court in *Powers* addressed an exception to the well-pleaded complaint rule for "artful pleaders." The exception, derived from *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981), prohibits plaintiffs from defeating federal jurisdiction by disguising essentially federal law claims in state law terms. *Powers v. Health & Welfare Trust*, 719 F.2d 760, 766 (5th Cir.1983). There is no evidence of such deception in this case. In fact, plaintiffs' willingness to submit to federal jurisdiction is evidence to the contrary.

In conclusion, the dictates of 28 U.S.C. § 1447(c) and the precedents of *Franchise Tax Board* and *Powers* compel a remand of this case to the Court of Common Pleas, Lawrence County, Ohio. "[F]or reasons involving perhaps more history than logic," *Franchise Tax Board*, 103 S.Ct. at 2843, the plaintiffs' Complaint states no claim within the original jurisdiction of this Court.

IT IS SO ORDERED.