**William HICKS, Plaintiff,**

v.

**UNIVERSAL HOUSING, INC. and Brilliant Homes, Ltd., Defendants.**

Civ. A. No. 1:90–1235.

United States District Court, S.D. West Virginia.

March 9, 1992.

David C. Smith, Johnston, Holroyd & Assocs., Princeton, W.Va., David L. White, Sanders, Watson & White, Bluefield, W.Va., for plaintiff Hicks.

Ben B. White, White's Law Offices, Princeton, W.Va., for defendant Brilliant Homes, Ltd.

Lawrence E. Morhouse, Brewster, Morhous & Cameron, Bluefield, W.Va., for defendant Universal Housing, Inc.

## OPINION

FABER, District Judge.

This civil action was filed originally in the Circuit Court of McDowell County, West Virginia. The plaintiff, William Hicks, seeks damages against the manufacturer and the merchandiser of a mobile home he purchased for $45,444.63. Plaintiff claims that both halves of the mobile home were damaged in transit when delivered and that the mobile home was faultily designed and constructed. Plaintiff's Complaint charged that he had suffered damages consisting of "loss of the benefit of his bargain in the amount of $45,424.10" and "aggravation, annoyance and inconvenience" in an unspecified amount. Judgment for all plaintiff's damages was demanded in the total amount of $49,900.00.

The defendant, Universal Housing, Inc., with the consent of its co-defendant, Brilliant Homes, Inc., filed a timely petition removing this case to federal court alleging that the "actual, aggregate, bona fide amount in controversy," exclusive of interest and costs, exceeds the sum of $50,000.

Thereafter, the plaintiff moved to amend his Complaint to, among other things, "expand the relief requested by plaintiff." Plaintiff's counsel candidly admitted that the original Complaint had been drafted to keep the case in state court. Defendant Universal Housing has vigorously contested the motion to amend, arguing that plaintiff had, by limiting his original demand, engaged in an improper effort to prevent removal and circumvent the jurisdiction of this court. Universal Housing maintains that the plaintiff should therefore be confined to his original allegations of damages and not be permitted to amend.

More is at stake in the present case than plaintiff's motion to amend his Complaint; what appears at first glance to be a question of whether or not this court should permit the amendment conceals the more fundamental question of whether this court has any jurisdiction to proceed at all. In considering that question, the court is convinced that its resolution is controlled by the time-tested principles of *Saint Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), *Iowa Central Railway Co. v. Bacon*, 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915), and

their progeny; these cases, the court believes, require it to return this case to the Circuit Court of McDowell County for want of federal jurisdiction.

■ The courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint as those allegations exist at the time the petition for removal is filed.* Moreover, the *ad damnum* or demand for judgment takes precedence over conflicting damage allegations in the body of the complaint. The Supreme Court considered this issue in *Iowa Central Railway Co. v. Bacon*, 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915), a wrongful death case. Although the plaintiff had charged in his complaint that the decedent's estate had sustained damages of $10,000, he asked for a judgment of only $1,990, thereby evading the jurisdictional amount which was then $2,000. In holding that removal of the case was improper, the Supreme Court said that since the prayer for recovery was $1,990, the $2,000 amount in controversy required to confer jurisdiction upon the court had not been met.

*Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), presents the converse of the case at bar. In *Saint Paul* the plaintiff, by amendment of his pleading after removal, reduced his claim below the jurisdictional amount. In holding that federal jurisdiction was not lost, the Supreme Court set the rules governing the point of view from which the question of jurisdictional amount in a removal case is to be determined. The status of the case as disclosed by the plaintiff's original complaint controls, said the Court, indicating that if the plaintiff does not desire to try his case in federal court he may sue for less than the jurisdictional amount and "though he would be justly entitled to more, the defendant cannot remove." *Id.* at 294, 58 S.Ct. at 593.

■ The conclusion is therefore inescapable that plaintiff's case as originally filed was not removable; regardless of what his actual damages may be, his demand for judgment was $49,900—$100.00 short of the threshold.

This defect in jurisdictional amount cannot be cured by simply granting plaintiff's motion to amend. Since the right to remove must generally be decided from the allegations of the complaint as it exists when the petition for removal is filed, the jurisdictional amount is absent. Based on those allegations, the court has therefore never acquired jurisdiction. Having never acquired jurisdiction, the court may not now proceed to consideration of the motion to amend. If the court lacks jurisdiction over an improvidently removed case, how can it legitimately assume jurisdiction to consider an amendment which would create the very jurisdiction the court lacks? Any rule so allowing would render the concept of jurisdiction a mutable chameleon which the court could transform at will to fit circumstances.

Consistent with this line of reasoning, the courts have held that a complaint improvidently removed cannot confer jurisdiction necessary to entertain its amendment. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1938), was a wrongful death case in which there was not complete diversity of citizenship among the parties. One of the defendants, the Pullman Company, argued that the case against it was a separable controversy permitting it to remove under the applicable statute then in force. The plaintiffs moved to remand and, shortly thereafter, filed in federal court a second amended complaint. The new complaint asserted an additional cause of action within federal question jurisdiction. The Supreme Court held that the second amended complaint should not have been considered in ruling upon the motion to remand; the right to remove had to be determined according to the plaintiffs'

---

* While there are a few cases which permit the court to consider the allegations of the removal petition in addition to the allegations of the complaint in determining whether the minimum amount in controversy exists, these cases extend only to situations in which the relief demanded in the complaint is not (as it is here) limited to a money judgment. Wright, *Federal Courts*, (4th ed. 1983), § 40, p. 230.

pleading at the time the petition to remove was filed and, at that time, there was no right to remove since the case as originally stated against Pullman was not a separable controversy.

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir.1979), is a case in which the original complaint filed in state court set forth five causes of action. The defendants removed claiming the existence of a federal question. After removal, the complaint was amended to state a sixth cause of action under section 301 of the National Labor Relations Act. The appellate court held that only the sixth cause of action presented a federal question and, since the amended complaint setting forth that cause of action for the first time was filed after the case was removed, there was no federal jurisdiction to allow amendment of the complaint to state that sixth cause of action. Continued vitality of the *Pullman* and *Libhart* cases is illustrated by the relatively recent cases of *Bell v. Amcast Indus. Corp.*, 607 F.Supp. 486 (S.D.Ohio 1985), and *Spencer v. New Orleans Levee Bd.*, 563 F.Supp. 1352 (E.D.La.1983).

The court therefore concludes that this action was removed improvidently and without jurisdiction since, on the basis of plaintiff's claim as originally pleaded, the requisite jurisdictional amount was lacking. Having acquired no jurisdiction upon removal, this court may not now consider the proffered amendment which would increase the amount in controversy and cure the jurisdictional defect. This case is therefore remanded to the Circuit Court of McDowell County, West Virginia.