**Druscilla GWYN, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**Civil No. 6:95CV667.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

Jan. 30, 1997.

*International Cablevision, Inc.,* —— U.S. ——, 117 S.Ct. 298, 136 L.Ed.2d 217 (1996); *but see United States v. Norris,* 88 F.3d 462 (7th Cir.1996).

Herman L. Stephens, Law Office of Herman L. Stephens, Winston–Salem, NC, for Druscilla Gwyn.

Scott C. Gayle, Fisher Fisher Gayle Clinard & Craig, High Point, NC, for Wal–Mart Stores, Inc.

### MEMORANDUM OPINION

BULLOCK, Chief Judge.

In August 1995, Druscilla Gwyn sued Wal–Mart Stores, Inc., in the General Court of Justice, Superior Court Division, Forsyth County, North Carolina. Wal–Mart removed the action to federal court, alleging diversity jurisdiction. Now before this court is Plaintiff's motion to remand this action to state court. For the reasons given in this memorandum opinion, Plaintiff's motion will be granted.

## BACKGROUND

This case arises out of a visit by Gwyn to the Wal–Mart in Winston–Salem, North Carolina. Gwyn says that Wal–Mart employees stopped her when she tried to leave the store, and that they insisted on inspecting Gwyn's shopping bag. She further says that although she was released and given an apology after she found the receipt for her purchases, she suffered severe psychological trauma during this episode. She seeks recovery under several legal theories.

Gwyn's complaint did not demand specific monetary relief, but, as required by the North Carolina Rules of Civil Procedure, requested damages "in excess of $10,000.00." N.C.R.Civ.P. 8(a)(2). Pursuant to 28 U.S.C. § 1441(a), Wal–Mart removed this case to the United States District Court for the Middle District of North Carolina, alleging diversity jurisdiction under 28 U.S.C. § 1332. The notice of removal alleges that the amount in controversy exceeds $50,000. Plaintiff says that the claim is actually less than the $50,000 jurisdictional amount and has moved to have this case remanded to state court.

## ANALYSIS

Section 1441 of the Federal Civil Code allows a defendant to remove an action to federal court if the case could originally have been brought there. In this case, the basis for removal is diversity of citizenship. Section 1332 limits diversity jurisdiction to cases in which the amount in controversy exceeds $50,000.

The burden of establishing federal jurisdiction lies on the party seeking to litigate in federal court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Here, the burden is on the defendant. In many cases, this burden will be either trivial or insurmountable. The reason is, if a plaintiff in good faith claims specific monetary damages in the complaint, the amount claimed binds the defendant. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). In North Carolina, however, a plaintiff is forbidden in some cases to claim a specific amount greater

46

than $10,000 in damages. N.C.R.Civ.P. Rule 8(a)(2). Instead, a plaintiff must say simply that the relief demanded is "in excess · of $10,000.00." *Id.*

■ The question for this court is determining the amount in controversy for jurisdictional purposes when it is not apparent from the complaint. The Fourth Circuit Court of Appeals has not adopted a specific rule. Other courts have adopted a variety of standards, and the trend seems to require a defendant to show by a preponderance of the evidence that the amount in controversy exceeds $50,000. *See De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993); *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993). *But see also Atkins v. Harcros Chems., Inc.,* 761 F.Supp. 444, 446 (E.D.La. 1991) (holding defendant must prove amount in controversy exceeds $50,000 to a "legal certainty"); *Partlow v. Jones Motor Co.,* 736 F.Supp. 744, 745–46 & n. 2 (E.D.Mich.1990) (holding plaintiff, to achieve remand, must show to a "legal certainty" that amount in controversy will *not* exceed $50,000).

This court need not choose between these theories because Defendant has not shown, by any standard, that the amount in controversy exceeds $50,000. The defendant has *some* evidentiary burden, *see McNutt,* 298 U.S. at 189, 56 S.Ct. at 785, but Wal–Mart's removal is based on speculation, not fact. Indeed, besides the conclusory statement in the notice of removal that "[t]he amount in controversy ... exceeds $50,000.00," the only support for Defendant's view of the amount in controversy is a written offer by Plaintiff to settle the case for $50,000. The letter adds: "We evaluate the damages sustained by Mrs. Gwyn to be in excess of $50,000.00." This offer does not adequately establish the amount in controversy, however. In trying to settle a claim, counsel naturally will try to inflate its value. Such "puffing" cannot be taken as evidence of the amount in controversy. *See Navarro v. Subaru of America Operations Corp.,* 802 F.Supp. 191, 194 (N.D.Ill.1992) (holding assertion of value of claim made in settlement negotiations does not establish jurisdictional amount); *Saunders v. Rider,* 805 F.Supp. 17, 19 (E.D.La. 1992) (holding plaintiff's settlement demand ·

of $63,000 does not establish that claim exceeds $50,000).

■ A further consideration is that Plaintiff has stipulated that her damages do not exceed $50,000. Ordinarily, whether a case is removable is determined by "the status of the case as disclosed by the plaintiff's complaint." *St. Paul,* 303 U.S. at 291, 58 S.Ct. at 591. A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. *Id.* at 289–90, 58 S.Ct. at 590–91. However, when facing indeterminate claims, several courts have held that the court may consider a stipulation filed by the plaintiff that the claim does not exceed $50,000. *E.g., Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir.1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994); *Griffin v. Holmes,* 843 F.Supp. 81, 88 (E.D.N.C.1993); *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F.Supp. 1305, 1308–09 (E.D.Ky.1990).

The implicit premise is that until jurisdiction becomes determinate, the court may consider any evidence of the amount in controversy. If the complaint does not specify the money damages sought, jurisdiction remains indeterminate while the court considers any other information. On this view, plaintiff's stipulation is simply the first evidence of the value of the claim. *See, e.g., Cole,* 728 F.Supp. at 1309. However, if a court can find the amount in controversy from the face of the complaint, the normal rule still applies: a later stipulation by the plaintiff is irrelevant. *De Aguilar,* 11 F.3d at 57.

Gwyn's complaint does not claim more than $50,000. The stated demand is for damages in excess of $10,000; although Gwyn asks for both compensatory and punitive damages, the value of this claim is speculative. A finding of jurisdiction cannot be premised on such speculation. *Hohn v. Volkswagen of America, Inc.,* 837 F.Supp. 943, 945 (C.D.Ill.1993); *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 577 (S.D.Ala.1986). *But cf. Allen· v. R & H Oil & Gas Co.,* 63

F.3d 1326, 1337 (5th Cir.1995) (holding claim for punitive damages facially exceeds jurisdictional minimum where claim is based on explosion of oil well that caused evacuation of town and extensive damage). Because the court cannot determine the amount in controversy from the face of the complaint, it will consider Plaintiff's stipulation that the value of the claim does not exceed $50,000. Defendant's evidence is insufficient to show otherwise. The court thus finds that it lacks jurisdiction over this case and will remand the case to the General Court of Justice, Superior Court Division, Forsyth County, North Carolina.

In her reply brief, Gwyn asks this court to award her the actual costs, including attorney's fees, incurred as a result of Defendant's removal of this case, pursuant to 28 U.S.C. § 1447(a). Such an award is within the discretion of the court, but there is no evidence that removal was done in bad faith or without a reasonable basis. Accordingly, the court will not award costs or attorney's fees to Plaintiff.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS **ORDERED** that Plaintiff's motion for remand be, and the same hereby is, **GRANTED,** and this action is **REMANDED** to the General Court of Justice, Superior Court Division, Forsyth County, North Carolina.