**Jo Ann WATTERSON and Robert Watterson, Plaintiffs,**

v.

**GMRI, INC., d/b/a Red Lobster, a Florida Corporation, Defendant.**

**Civil Action No. 3:97–0760.**

United States District Court, S.D. West Virginia.

Dec. 9, 1997.

---

C. Dallas Kayser, Matthew L. Clark, Point Pleasant, WV, for Plaintiffs.

W. Warren Upton, Scott H. Kaminski, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

STAKER, Senior District Judge.

The issue before the court is whether the defendant may contest the plaintiffs' allegation in their complaint of a specific sum, which is less than the minimum required for diversity jurisdiction, as the amount in controversy and thereby effectuate removal of the case from state court.

### I. Introduction

The plaintiffs instituted this suit in the Circuit Court of Cabell County alleging that the plaintiff Jo Ann Watterson had slipped and fallen while she was a business invitee at defendant's premises. Her fall purportedly was caused by the unsafe condition of the floor at those premises. It is further alleged that as a result of that fall Jo Ann Watterson has suffered severe and permanent physical injuries for which she seeks to recover damages for medical expenses, physical pain and suffering, mental anguish and loss of capacity to enjoy life. Her husband Robert Watterson asserts a claim for the loss of consortium. In their Complaint, which was filed in the state court, they demand judgment against the defendant in the amount of $74,500.

The defendant timely filed a Petition of Removal asserting that this court has diversity subject matter jurisdiction. 28 U.S.C.A. §§ 1332(a)(West 1993 & Supp.1997) & 1441(a)(West 1994). Section 1332(a) confers jurisdiction on the district courts if the

amount in controversy exceeds $75,000. Although the plaintiffs have alleged damages of only $74,500, in its Petition of Removal the defendant asserts that actual amount involved is in excess of $75,000. It states the proposition that in West Virginia the sum stated in the ad damnum clause of a complaint is not binding on a plaintiff but may be amended at any time to ask for a greater sum. *See Landmark Corp. v. Apogee Coal Co.,* 945 F.Supp. 932, 938 (S.D.W.Va.1996). From this, it reasons that a defendant should be allowed to remove a suit from state court, regardless of the damage amount pled in the complaint, if the defendant has a "good faith" belief that the amount in controversy actually exceeds the jurisdictional minimum. The defendant contends that it has such a "good faith" belief in this case because prior to filing their Complaint in state court the plaintiffs had demanded $85,000 to settle their claims: furthermore, after the Complaint was filed, but before the Petition for Removal was filed, the plaintiffs refused to stipulate that they would not seek a judgment or demand a settlement in excess of the $74,500 amount pleaded. It argues that accordingly the removal was proper.

The plaintiffs have filed a Motion to Remand. It is their position that the amount pled in their complaint is controlling as to the amount in controversy; since they have demanded judgment for an amount less than $75,000, their suit is not subject to being removed. They argue that their settlement demand of $85,000 is irrelevant because it has been withdrawn and they have substituted in its stead an offer to settle for $74,500. (However, at a hearing on this matter, the plaintiffs' counsel again declined to stipulate that they would not seek damages in excess of $74,500.)

## II.

The plaintiffs' argument that the amount of damages they pled in their complaint is determinative of the amount in controversy for purposes of removal is probably derived from statements of the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Therein the Court said that "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ," *id.* at 291, 58 S.Ct. 586; "[i]f he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *Id.* at 294, 58 S.Ct. 586 (footnote omitted). Some courts have interpreted these statements to mean that a defendant courts have interpreted these statements to mean that a defendant may never challenge the amount in controversy if the plaintiff has pled a specific sum. *See Hicks v. Universal Housing, Inc.,* 792 F.Supp. 482, 483–84 (S.D.W.Va.1992) (Faber, J.).

However, the effect of those statements must be read in light of the circumstances of the case in which they were made. In *Red Cab,* the plaintiff had alleged in its state court complaint an amount in controversy which was **in excess of** the then minimum amount necessary for diversity jurisdiction. 303 U.S. at 284, 58 S.Ct. 586. The defendant removed the case to federal court. However, a trial to the court resulted in a judgment for an amount which was less than the jurisdictional minimum. *Id.* at 285, 58 S.Ct. 586. On appeal, the Seventh Circuit ruled that because the amount in controversy, as shown by the judgment, was less than the jurisdictional minimum the district court did not have jurisdiction. *Id.* It held that the district court should have remanded the action to the state court. *Id.*

█ The Supreme Court reversed. *Id.* at 296, 58 S.Ct. 586. It stated that the issue presented involved the construction of the statutes governing diversity jurisdiction and removal. *Id.* at 285–86, 58 S.Ct. 586. The Court began by discussing diversity cases which are filed originally in federal court. It said that "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 288, 58 S.Ct. 586 (footnotes omitted). However, "[h]is good faith in choosing the federal forum is open to challenge not only be resort to the face of his

complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit." *Id.* at 290, 58 S.Ct. 586. Such proof must be " **to a legal certainty.**" *Id.* at 289, 58 S.Ct. 586. Thus, a plaintiff's allegation as to the amount in controversy is subject to challenge if the case is originally filed in federal court.

The Court then distinguished the situation where a case is filed originally in state court and then removed to federal court. *Id.* at 290, 58 S.Ct. 586. It said that when the state court complaint states an amount in controversy above the minimum required for federal court diversity jurisdiction "[t]here is a strong presumption ...", *id.,* that the amount pled is accurate because it is unlikely that a plaintiff would falsely allege such an amount in order to get the case removed to federal court. *Id.* If he/she really wanted to be in federal court, it would be much simpler to file the case in federal court in the first place. *Id.* at 291, 58 S.Ct. 586 (footnote omitted). "Moreover, **the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal,** since the defendant must file his petition before the time for answer or forever lose his right to remove." *Id.* (emphasis added) (footnote omitted). The Court then said that once the case is removed the plaintiff cannot reduce the amount in controversy in order to obtain a remand. *Id.* at 292–93, 58 S.Ct. 586. "**If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.**" *Id.* at 294, 58 S.Ct. 586 (emphasis added) (footnote omitted).

The Supreme Court's holding in *Red Cab* was that the fact that the ultimate judgment rendered was for an amount which was less than the minimum amount required for diversity jurisdiction (and thus removal) would not invalidate the district court's original assumption of jurisdiction if the amount in controversy at the time removal was had was sufficient to confer jurisdiction. The Court did **not** rule that a plaintiff's allegations in

his/her state court complaint as to the amount in controversy is **never** subject to being questioned for removal purposes. *Red Cab* "is limited in utility to cases in which the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount." *Garza v. Bettcher Industries, Inc.,* 752 F.Supp. 753, 755 (E.D.Mich.1990); *accord Sanchez v. Monumental Life Insurance Co.,* 102 F.3d 398, 402 (9th Cir.1996). In *Red Cab,* the Supreme Court was not presented with, nor did it decide, the issue of whether a defendant can contest the amount in controversy in order to establish that a federal court would have diversity jurisdiction.

### III. Discussion

Although the Supreme Court has not addressed the issue *sub judice,* numerous lower courts have done so. However, they are splintered as to if and when a defendant may challenge a plaintiff's pleading as to the amount in controversy and consequently remove a suit to federal court. *Gafford v. General Electric Co.,* 997 F.2d 150, 157–58 (6th Cir.1993).

### A. Decisions of Other Courts

In cases where the plaintiff has not specified any monetary amount as damages he/she is seeking to recover or where a nonspecific sum is asserted, *i.e.,* damages in excess of $X$ dollars, courts have employed several different standards for determining whether the amount in controversy exceeds the jurisdictional minimum required for removal from state court. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 at 212 (Supp. 1997). Some courts "require the [removing party] to prove to a **legal certainty** that the claim meets the requisite jurisdictional amount." *E.g., Mullins v. Harry's Mobile Homes, Inc.,* 861 F.Supp. 22, 23 (S.D.W.Va. 1994) (Faber, J.) (emphasis added); *accord Adkins v. Gibson,* 906 F.Supp. 345, 346 (S.D.W.Va.1995) (Haden, C.J.). Other courts only require such proof by a **preponderance of the evidence,** *i.e.,* that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Insurance Co.,* 102 F.3d 398, 403–04 (9th Cir.1996); *Tapscott v. MS*

*Dealer Service Corp.,* 77 F.3d 1353, 1356–57 (11th Cir.1996); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993) *and De Aguilar v. Boeing Co.,* 47 F.3d 1404 (5th Cir.1995), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995); *Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir.1993); *Landmark Corp. v. Apogee Coal Co.,* 945 F.Supp. 932, 935 (S.D.W.Va.1996) (Copenhaver, J.); *Garza v. Bettcher Industries, Inc.,* 752 F.Supp. 753, 763 (E.D.Mich.1990). Yet another standard employed by some courts requires the defendant to "prove[ ] to a reasonable probability that jurisdiction exists." *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997) (internal quotation marks omitted) (emphasis added); *United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 304–05 (2d Cir.1994). The burden of proof chosen by the Third Circuit Court of Appeals is that "the amount in controversy is ... measured ... by a **reasonable reading of the value of the rights being litigated.**" *Angus v. Shiley Inc.,* 989 F.2d 142, 145–46 (1993) (emphasis added). Finally, it appears that the Tenth Circuit only requires the defendant to show that he has a **"good faith belief"** that the amount in controversy exceeds the jurisdictional minimum in order to remove a case from state court. *See Maxon v. Texaco Refining & Marketing, Inc.,* 905 F.Supp. 976, 978–79 (1995)(citing as authority *Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir.1995), *cert. denied,* 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995)).

In the case at bar, however, the plaintiffs have pled damages in a specific amount, an amount below the jurisdictional minimum.

There is a divergence of opinions among federal courts in this situation also. Judge Faber of this court has implicitly held that the plaintiff's allegation as to the amount in controversy is irrebuttable and, consequently, the case may not be removed. *See Hicks v. Universal Housing, Inc.,* 792 F.Supp. 482, 484 (S.D.W.Va.1992). The Eleventh Circuit Court of Appeals, however, has held that removal may be had if the "defendant [can] prove to **a legal certainty** that plaintiff's claim **must** exceed [the jurisdictional minimum]." *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994) (emphasis added). The Fifth Circuit, in contrast, only requires the removing party to show **by a preponderance of the evidence** "that the amount in controversy **actually** exceeds the jurisdictional amount ...." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411–12 (1995) (emphasis added), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995).

These courts which would allow inquiry into the amount in controversy have noted that "[t]he majority of states now ... have followed the example of FED.R.CIV.P. 54(c) and do not limit damage awards to the amount specified in the ad damnum clause of the state pleading." *De Aguilar,* 47 F.3d at 1410; *accord Burns,* 31 F.3d at 1094. Consequently, allowing such inquiry is necessary in order to limit "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar, supra; accord* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 at 426 (1985 ed.); *see Burns,* 31 F.3d at 1094–95; *Gafford,* 997 F.2d at 157–58.

### B. The Fourth Circuit

Unfortunately, the Fourth Circuit Court of Appeals has not addressed either of the circumstances discussed in subparts III A and B. After reviewing all the above cited cases, this court concurs with the reasoning of the courts in *De Aguilar,* 47 F.3d at 1410, *Burns, supra* and *Gafford, supra,* that there must be some leeway to inquire into the amount in controversy in cases where the plaintiff has pled a specific sum which is below the jurisdictional minimum but final recovery is not limited to that sum. *But see Hicks, supra.* However, this court does not agree, for the reasons discussed *infra,* with their choices of the burden of proof to be used in determining whether the amount in controversy exceeds the minimum amount necessary for federal court jurisdiction.

## IV. Burden of Proof

 Certain basic principles must be considered in choosing the appropriate burden of proof. "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

### A. The Legal Certainty Burden of Proof

The "legal certainty" test, which is derived from *Red Cab, supra,* has been applied in two ways in cases where a specific sum has been pled as the amount in controversy. Either the defendant is required to prove to a legal certainty that the "plaintiff's claim **must** exceed [the jurisdictional minimum][,]" *e.g., Burns,* 31 F.3d at 1095 (emphasis added), or the plaintiff is required to prove "to a legal certainty that the claim is really for less than the jurisdictional amount ...." *De Aguilar,* 47 F.3d at 1412 (internal quotation marks and citation omitted). In either situation, the party with the burden of proof would essentially be required to prove the plaintiff's case in order for a court to determine if removal was proper. *Garza,* 752 F.Supp. at 756–61. This would result in a mini-trial of the entire action at a preliminary stage. *See Gafford,* 997 F.2d at 159; *Tapscott,* 77 F.3d at 1357. This court agrees with the reasoning of Judge Rosen in *Garza,* 752 F.Supp. at 754–61, and his conclusion that the *Red Cab* "legal certainty" test "is inappropriate ... to any case in which the plaintiff seeks, in his state court complaint, damages below the federal jurisdictional amount ...." *Id.* at 758; *accord Landmark Corp.,* 945 F.Supp. at 935 n. 2. *Contra Burns,* 31 F.3d at 1096–97.

### B. Preponderance of the Evidence Burden of Proof

Courts which have rejected the "legal certainty" standard have mainly adopted instead the "preponderance of the evidence" burden of proof for establishing the amount in controversy. *E.g., De Aguilar,* 47 F.3d at 1411–12; *Landmark Corp.,* 945 F.Supp. at 935.

Under this standard, the defendant must introduce evidence to show "that it is **more likely than not** that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp., supra* (emphasis added). The Fifth Circuit in *De Aguilar* did not give any reasons why it chose this standard. Judge Copenhaver in *Landmark Corp.* cited *Tapscott, supra, De Aguilar v. Boeing Co.,* 11 F.3d 55 (5th Cir.1993), *Gafford, supra,* and *Gaus v. Miles,* 980 F.2d 564 (9th Cir.1992), as authority for his choice of the preponderance of the evidence standard. However, all of those cases involved the situation where the plaintiff had not specified an amount in controversy in his/her state court complaint. *Tapscott,* 77 F.3d at 1357; *De Aguilar,* 11 F.3d at 58; *Gafford,* 997 F.2d at 158; *see Sanchez,* 102 F.3d at 403–04 (discussing *Gaus, supra* ); *Garza,* 752 F.Supp. at 763. The courts found the preponderance of the evidence burden of proof to be "warranted because there is simply no estimate of damages to which a court may defer [and this burden of proof strikes] [t]he proper balance between a plaintiff's right to choose his forum and a defendant's right to remove ...." *Tapscott, supra; accord Sanchez, supra; Gafford, supra.*

In the case at bar, however, the plaintiffs have asserted an estimate of damages; thus the reason for the various courts' choice of the preponderance of the evidence standard is not present here. Therefore, this court respectfully disagrees with Judge Copenhaver's decision in *Landmark Corp., supra.* In this court's opinion, allowing a defendant to remove a case by merely showing that it is more likely than not that the plaintiff will recover in excess of the federal jurisdictional minimum does not give sufficient weight to the plaintiff's right to choose his/her forum or to the court's duty to resolve all doubts about the propriety of removal in the plaintiff's favor, *i.e.,* against removal. *See Mulcahey,* 29 F.3d at 151.

For the same reasons, this court finds that the even more lenient "reasonable probability", *Chase,* 110 F.3d at 427; *CenterMark Properties,* 30 F.3d at 304–05; *Angus v. Shiley, Inc.,* 989 F.2d at 145–46, and the "good

faith", *Maxon,* 905 F.Supp. at 978–79, burdens of proof would also be inappropriate.

### C. Burden of Proof Chosen

■ Although this court has rejected all of the different burdens of proof employed in the cases discussed *supra,* it is not left adrift and rudderless (standardless) however. After reviewing the various burdens of proof from "substantial evidence" to the "beyond a reasonable doubt", this court believes that the "clear and convincing" burden of proof is the appropriate standard to apply when a defendant seeks to remove a suit in which the plaintiff has pled a **specific sum** which is **less than** the minimum amount in controversy necessary for federal court diversity jurisdiction. "Clear and convincing" has been defined "as meaning 'highly probable[;]' ... 'more than just a preponderance of the evidence' ...." *Direx Israel, Inc. v. Breakthrough Medical Corp.,* 952 F.2d 802, 810 n. 7 (4th Cir.1991) (citations omitted). It is this court's opinion that requiring a defendant to prove that it is "highly probable" that the plaintiff will recover damages in excess of the jurisdictional minimum even though he/she has specifically pled damages in a lesser sum best balances the right of a plaintiff to chose his/her forum, the defendant's statutory right of removal and the court's duty to strictly construe removal jurisdiction.

### V. Method of Proof

■ The next question that arises is how can a defendant show that it is **highly probable** that a plaintiff will recover damages in excess of the amount he/she has alleged in his/her complaint.

Important items of proof would be the type and extent of the plaintiff's injuries, *Chase,* 110 F.3d at 427–28; *Garza,* 752 F.Supp. at 763; *see Angus v. Shiley Inc.,* 989 F.2d at 146, and the possible damages recoverable therefore, including punitive damages if appropriate. *Tapscott,* 77 F.3d at 1358–59; *CenterMark Properties,* 30 F.3d at 304–06; *Landmark Corp.,* 945 F.Supp. at 936–37; *Mullins,* 861 F.Supp. at 24. The possible damages recoverable may be shown by the amounts awarded in other similar cases. *De Aguilar,* 11 F.3d at 57–58. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. *See Adkins,* 906 F.Supp. at 347; *Dunn v. Pepsi–Cola Metropolitan Bottling Co.,* 850 F.Supp. 853, 854–55 (N.D.Cal.1994). The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal, *Chase,* 110 F.3d at 428; *Jackson v. American Bankers Insurance Co.,* 976 F.Supp. 1450, 1454, (S.D.Ala.1997); *Gwyn v. Wal–Mart Stores, Inc.,* 955 F.Supp. 44, 46 (M.D.N.C.1997); *Mullins, supra,* although the weight to be given such demands is a matter of dispute among courts. *Compare Jackson, supra and Mullins, supra with Gwyn, supra.*

### VI. Application to This Case

■ In the case *sub judice,* the defendant has presented evidence that: (1) prior to filing their Complaint the plaintiffs made a settlement demand of $85,000; (2) the Complaint alleged damages in the amount of $74,-500, just $501 below the jurisdictional minimum; and (3) the plaintiffs have refused to stipulate that they will not seek to recover more than the amount pled in their Complaint. This is certainly strong evidence of plaintiffs' intent to manipulate jurisdiction. *See Hicks,* 792 F.Supp. at 483. However, it is not conclusive evidence that it is highly probable that the plaintiffs will recover an amount in excess of $75,000. *But see Jackson,* 976 F.Supp. 1450, 1454; *Mullins,* 861 F.Supp. at 24. A letter from plaintiffs' counsel dated April 9, 1997, almost one year after the incident, which was attached to the Petition of Removal, states that expenses incurred to date were only $6,093.44. Although counsel in that letter also alleges that plaintiff Jo Ann Watterson has sustained severe and permanent physical injuries, such statements should be taken with a grain of salt, *see Gwyn,* 955 F.Supp. at 46, particularly in light of the small amount of actual expenses incurred to that date. The defendant has not presented any evidence of verdicts in comparable cases in an effort to show that it is probable the plaintiffs will recover in excess of $75,000. In conclusion, defendant's proof rests mainly upon the plaintiffs' settlement negotiations prior to removal.

## VII. Conclusion

Based upon the evidence presented, this court finds that the defendant **has not** shown by **clear and convincing** evidence that it is **highly probable** the plaintiffs would recover a judgment in excess of $75,000 if this case should go to trial. As a consequence, it has not established that this court has diversity jurisdiction over this matter. Therefore, this case was improperly removed from the Circuit Court of Cabell County.

It is therefore ORDERED that this matter be, and the same hereby is, REMANDED to the Circuit Court of Cabell County, West Virginia for further proceedings.

The Clerk is directed to mail a copy of this Order to the Circuit Court and the Circuit Clerk of Cabell County, West Virginia and to all counsel of record.