D. Michael WOODWARD, M.D., Plaintiff,

v.

NEWCOURT COMMERCIAL FINANCE CORPORATION d/b/a Newcourt Financial Services and/or Newcourt Leasing Corporation; AT & T Commercial Finance Corporation and/or AT & T Capital Leasing Services, Inc.; Eaton Financial Corporation, a subsidiary of AT & T Capital Corporation; and Nassau Asset Management, Defendants.

No. 3:99–1662–19.

United States District Court, D. South Carolina, Columbia Division.

Aug. 23, 1999.

Desa A. Ballard, West Columbia, SC, for plaintiff.

J. Edward Bradley, Kirkland, Wilson, Moore, Allen, Taylor and O'Day, P.A., West Columbia, SC, for defendants.

## *ORDER*

SHEDD, District Judge.

This case is before the Court on plaintiff D. Michael Woodward's ("Dr.Woodward") Motion to Remand. In support of the

motion, Dr. Woodward also filed a Stipulation and Memorandum.

## FACTS

Dr. Woodward's complaint is silent as to the amount of his damages. However, the complaint specifically seeks actual damages, attorneys fees, and punitive damages. In his Stipulation, Dr. Woodward now explains that at the time of removal his actual damages and attorneys fees were approximately $15,000. Dr. Woodward volunteers that reasonable punitive damages he might recover would probably not exceed $45,000, so that the total amount recoverable would not satisfy the jurisdictional amount.

## ANALYSIS

Federal courts are courts of limited jurisdiction. A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it.

■ In a removed case, the burden is on the defendant to establish that jurisdiction is proper, and if jurisdiction is doubtful, remand is necessary. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148 (4th Cir.1994). In particular, the defendant must show that it does not appear to a legal certainty that the removed claim is for less than the jurisdictional amount. *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162 (M.D.La.1985) (applying the legal certainty test)[1]; *see St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (ruling that if, upon the face of the complaint, it is obvious that suit cannot involve the necessary amount, remand must be ordered).[2] The proper time for testing the sufficiency of the jurisdictional amount is when the case is removed. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir.1997); *Griffin v. Holmes*, 843 F.Supp. 81 (E.D.N.C.1993).[3]

■ A plaintiff in a removed action may not defeat diversity jurisdiction by filing a post-removal amended complaint reducing the amount of damages sought. *St. Paul Mercury*, 303 U.S. at 292, 58 S.Ct. 586; *see Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198 (4th Cir.1979) (ruling once jurisdiction exists, subsequent events do not destroy the jurisdictional basis). In some jurisdictions, however, if the original complaint does not state a specific

1. It appears, however, that the Fifth Circuit has replaced the legal certainty test with the preponderance standard. See footnote 2.

2. Some circuit and district courts have abandoned the legal certainty test for removed cases in which the complaints do not specify damages. *See, e.g., Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir.1996) (applying preponderance test); *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.1995) (same); *Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844 (S.D.W.Va.1997) (applying clear and convincing standard); *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932 (S.D.W.Va.1996) (applying preponderance test); *Reason v. General Motors Corp.*, 896 F.Supp. 829 (S.D.Ind.1995) (applying reasonable probability test).

This Court finds unpersuasive the reasoning for adopting a different test. For instance, in *Sanchez*, the Ninth Circuit correctly recognizes that Congress has consistently intended to restrict federal jurisdiction in controversies between diverse parties and that the removal statute should be strictly construed. The *Sanchez* court posited that the legal certainty test resulted in more expansive jurisdiction than the preponderance test. However, this Court fails to understand why either of these policies should affect how federal courts determine whether the amount in controversy is satisfied. The legal certainty test is well-established as the proper standard by which to judge diversity cases initially brought in federal court. The removal statute allows the removal of only those actions over which the district court would have original jurisdiction. 28 U.S.C. § 1441(a). There is no compelling reason to apply a different standard to diversity cases removed to federal court than diversity cases originally filed in federal court.

3. This makes sense especially in light of the fact that a defendant may move to remand within 30 days of receiving papers from which it may first be ascertained that the case has become removable. The defendant has up to one year after an action is commenced to make such a motion in a diversity case. 28 U.S.C. § 1446(b).

amount in controversy, like Dr. Woodward's complaint, the plaintiff is allowed to file papers, after removal, to clarify that the amount in controversy at the time of removal did not satisfy the jurisdictional amount. *Cole v. Great Atlantic & Pacific Tea* Co., 728 F.Supp. 1305 (E.D.Ky. 1990); *cf. Angus v. Shiley Inc.*, 989 F.2d 142 (3rd Cir.1993) (distinguishing between a prohibited post-removal amendment and a potentially acceptable post-removal explanation). The Fourth Circuit has not specifically addressed this issue.[4] Nevertheless, in this case, this Court need not decide whether it may rely on post-removal clarifications to remand an action to state court. Instead, the Court finds that Dr. Woodward's post-removal Stipulation confirms diversity jurisdiction rather than defeats it.

As an initial matter, however, the Court notes that even if Dr. Woodward had not filed his post-removal Stipulation, this Court would have found that the jurisdictional amount is satisfied. Based on the complaint alone, it does not appear to a legal certainty that the amount in controversy is for $75,000 or less. Dr. Woodward's claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount.

As for the Stipulation, Dr. Woodward agrees that damages and attorneys fees recoverable when the case was removed approximated $15,000.[5] Dr. Woodward, without citation, seeks to assure the Court that punitive damages would not likely exceed three times actual damages and attorneys fees. The Court is not assured.

It is the Court's experience that the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages, especially when large corporations are caught defrauding their customers, as Dr. Woodward alleges in the instant case. *See Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) (holding award of punitive damages of more than 200 times out-of-pocket expenses did not violate due process clause). Under the facts as explained by Dr. Woodward's Stipulation, it does not appear to a legal certainty that Dr. Woodward's claim is for less than the jurisdictional amount.[6]

In support of his Motion to Remand, Dr. Woodward relies on *Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479 (D.S.C. 1994). Dr. Woodward's reliance on *Ferguson*, even assuming that Court correctly states the law, is unavailing.

4. The closest case is probably *Feikema v. Texaco, Inc.*, 16 F.3d 1408 (4th Cir.1994). The plaintiffs, eight homeowners in a neighborhood, filed a diversity action in federal district court, alleging that a Texaco oil leak caused damage to their homes. The complaint alleged aggregate damages in excess of $2.5 million to the eight homes. Texaco moved to dismiss for lack of subject-matter jurisdiction because each homeowner failed to attribute damages of over the jurisdictional amount related to each individual claim. The plaintiffs responded to the motion to dismiss, seeking leave to amend the complaint to allege damages in excess of the jurisdictional amount as to each plaintiff. The Fourth Circuit allowed the amendment, finding the defect in the original complaint to be in form rather than substance.

*Feikema* does not support a remand in the instant case. First, it was clear from the original complaint that the plaintiffs were

seeking substantial damages and it was apparent that the aggregate amount being sought could yield individual claims well above the jurisdictional amount. Second, the defendants did not assert that each plaintiff's claim was for less than the jurisdictional amount. In other words, the defendant's attack was a matter of technical pleading rather than substance. As such, it did not appear to a legal certainty, from the face of the complaint, that the amount in controversy as to each separate claim was really for less than the jurisdictional amount.

5. The result of the Court's analysis would be the same whether attorneys fees are included or not.

6. Although the Fourth Circuit has not decided whether a defendant must meet its burden to a legal certainty, by a preponderance, or to a reasonable certainty, this Court finds that the defendant would satisfy any of these burdens.

■ In *Ferguson*, the plaintiff's post-removal stipulation clarified that the amount of compensatory and punitive damages being sought in the complaint was less than $50,000, the jurisdictional amount in effect at that time. Plaintiff's counsel further conceded that the plaintiff would not seek damages in excess of $50,000.[7]

In the instant case, after removal the defendants asked Dr. Woodward to stipulate that he would not seek damages in excess of $75,000. Dr. Woodward refused to agree to such a limitation, primarily because he did not want to preclude amending the complaint to assert additional causes of action.[8] Instead, he merely asserted that the amount in controversy did not exceed the jurisdictional amount at the time of removal.

■ The Court is not bound by a party's opinion as to the amount in controversy. Although a plaintiff may, prior to removal, limit the amount of damages so as to defeat diversity jurisdiction, Dr. Woodward failed to do so either before or after removal.[9] He merely stated that he did not believe that an award of punitive damages could result in "an amount in controversy even approaching the jurisdictional amount." Stipulation p. 3. Such a representation is irrelevant.

**IT IS THEREFORE ORDERED** on this the 23rd of August, 1999, at Columbia, South Carolina, that Dr. Woodward's Motion to Remand is **DENIED**. Dr. Woodward's request for attorneys fees and costs is **DENIED**.[10] The Order granting the Motion to Stay Time for Responding to Rule 26.03 Interrogatories is **VACATED**. The Scheduling Order is amended as follows:

1. Motions to join other parties and motions to amend the pleadings shall be filed on or before **September 3, 1999.**

7. Even if post-removal "clarifications" were allowed, a plaintiff's post-removal agreement to limit damages is not the type of clarification that could validly defeat jurisdiction. *See St. Paul*, 303 U.S. at 294, 58 S.Ct. 586. The only relevant factor is the amount in controversy at the time the case is removed. In other words, is it a legal certainty that the amount in controversy did not exceed $75,000 when the case was removed. If the plaintiff did not limit by agreement the amount of damages being sought before removal, the plaintiff should not be allowed to limit damages, after removal, so as to defeat jurisdiction. *In re: Shell Oil Co.*, 970 F.2d 355 (7th Cir.1992). This prohibition does not work any prejudice to the plaintiff's ability to be the "master" of his case. The state court plaintiff, even in a state which precludes specifying damages in the complaint, may, before removal, file a binding affidavit confirming that damages he is suing for shall not exceed $75,000. Under that scenario, the amount in controversy conclusively does not satisfy the jurisdictional amount and the case is not removable. *But see Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844 (S.D.W.Va.1997) (holding that plaintiff's demand for less than jurisdictional amount is not conclusive). To allow a post-removal limitation of damages to defeat jurisdiction gives a plaintiff an opportunity to judge shop when that same plaintiff could have avoided removal in the first place by doing before removal what he now wishes to do after removal, *i.e.*, limit damages. In the instant case, South Carolina Rules of Civil Procedure would have allowed Dr. Woodward to protect his interest in maintaining his action in state court. Rule 8(a) allows the plaintiff to state a sum certain for actual damages but not for punitive damages. However, Rule 8(a) specifically allows a plaintiff to plead that the total amount in controversy shall not exceed a stated sum.

8. The Court agrees with Dr. Woodward to the extent that he asserts that the amount in controversy at the time of removal rather than at the time of trial is the relevant inquiry.

9. Allowing a plaintiff to limit damages after removal to defeat jurisdiction could result in judicial inefficiency. For instance, if the evidence at trial disfavored the plaintiff, a plaintiff would limit his damages during trial to force a remand. This is the logical extension of those cases which allow a plaintiff to limit damages after removal to defeat jurisdiction. There is no requirement under the removal statute requiring a plaintiff to seek a remand for lack of a sufficient jurisdictional amount within a proscribed period in diversity cases. *See* 28 U.S.C. § 1447(c).

10. The Court directs Dr. Woodward's counsel to refrain from seeking sanctions against opposing counsel on matters involving legitimate disputes.

2. The parties must comply with Local Rule 26.09 by no later than **September 24, 1999.**

All other dates are unchanged.