SHARP ELECTRONICS CORPORATION, Plaintiff–Appellant,

v.

COPY PLUS, INCORPORATED, Defendant–Appellee.

No. 90–3188.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1991.

Decided Aug. 12, 1991.

---

Brian W. McGrath, Foley & Lardner, Milwaukee, Wis., Randall S. Rapp, Dean M. Jeske, Foley & Lardner, Chicago, Ill., John Wilkinson (argued), Peter Gartland, Donovan, Leisure, Newton & Irvine, New York City, for plaintiff-appellant.

William Sosnay (argued), Mulcahy & Wherry, Michael R. Wherry, Mary M. Harding, Davis & Kuelthau, Milwaukee, Wis., for defendant-appellee.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Copy Plus, Incorporated (Copy Plus) brought suit against Sharp Electronics Corporation (Sharp) in Wisconsin state court. Sharp filed actions in both state and federal court to compel arbitration and to stay the state court suit. The state court denied Sharp relief. The district court determined that it did not have subject matter jurisdiction to consider Sharp's petition. For the following reasons, we reverse the judgment of the district court.

## I

## BACKGROUND

Sharp, a New York corporation with its principal place of business in New Jersey, and Copy Plus, a Wisconsin corporation with its principal place of business in Wisconsin, entered into an agreement under which Copy Plus distributed various Sharp products. The distributor agreement contained a clause that required any dispute between the parties to be settled by arbitration. Pursuant to the terms of the agreement, Sharp sold Copy Plus three copiers and two sorter bins in October of 1985. On April 30, 1987, Sharp terminated the distributor agreement on the ground that Copy Plus had failed to meet sales performance standards. On October 17, 1988, Copy Plus demanded return of the money it had paid almost three years earlier for the copiers and the sorting bins. Sharp refused to return the money.

Copy Plus brought suit against Sharp in Wisconsin state court; the complaint alleged misrepresentation, breach of contract, and breach of warranty. Copy Plus requested compensatory damages in the amount of $15,000, other compensatory damages for the loss of customer goodwill, punitive damages, and attorney's fees. On January 23, 1990, Sharp filed a motion in Wisconsin state court to compel arbitration and to stay the case pending arbitration. While this motion was pending, Sharp made the following request for admission:

> Do you admit that the value of Copy Plus, Inc.'s claim against Sharp Electronics Corp. including its misrepresentation claims and including all possible claims for compensatory and punitive damages totals less than $50,000?

Copy Plus' response was:

> No. Depending upon the amount the jury awards for punitive damages, *recovery may exceed $50,000*, but that is not readily ascertainable at this time.

Appellant's App. at 6 (emphasis supplied).

On April 12, 1990, Sharp filed a petition, based on diversity of citizenship, in federal court for an order staying the Wisconsin state action and compelling arbitration. On May 24, 1990, the Wisconsin state court denied Sharp's motion to compel arbitration. It reasoned that Sharp's termination of the distributor agreement ended the contractual relationship between the parties. The district court initially dismissed without prejudice Sharp's still-pending petition to compel arbitration on the ground that the Wisconsin decision mooted the federal motion. Sharp filed a request to reinstate the petition, and the court granted Sharp leave to file supplemental briefing.

On September 7, 1990, the district court found that it lacked subject matter jurisdiction and dismissed Sharp's petition. The court stated that "Sharp has improperly attempted to invoke this court's jurisdiction to the point of claiming to be subjected to more damages than [Copy Plus], the state court plaintiff, claims to be seeking."

Mem. op. at 7. Thus, although Sharp and Copy Plus are citizens of different states for the purpose of diversity jurisdiction, *see* 28 U.S.C. § 1332(c)(1), the court found that the $50,000 amount in controversy requirement was not satisfied. The court based its decision on its estimation that any recovery of punitive damages was highly unlikely to be sufficient to bring the recovery within the jurisdictional prerequisite.

## II

## ANALYSIS

Under the Federal Arbitration Act, 9 U.S.C. §§ 1–16, a district court may entertain a petition to compel arbitration if the court would otherwise have jurisdiction over the action. *See* 9 U.S.C. § 4. Sharp attempted to invoke the district court's diversity jurisdiction under 28 U.S.C. § 1332. As the district court noted, Sharp and Copy Plus are citizens of different states for the purpose of diversity jurisdiction. The district court found, however, that the Copy Plus' complaint did not satisfy the $50,000 amount in controversy requirement.

The Supreme Court has long since determined that "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). Therefore, the determinative issue in our jurisdictional inquiry is whether the district court properly assessed Copy Plus' claim for punitive damages. "The issue of whether the jurisdictional amount is satisfied ... takes on two aspects in a diversity action over which the Court lacks subject matter jurisdiction absent a valid claim for punitive damages. First, are punitive damages recoverable under local law under the circumstances alleged. Second, is it sufficiently certain as a matter of federal law that the complaint does not satisfy the jurisdictional amount." *Kahal*

*v. J.W. Wilson & Assocs., Inc.*, 673 F.2d 547, 548 (D.C.Cir.1982).

■ Copy Plus alleged that Sharp made certain misrepresentations in connection with the sale of its copiers. Under Wisconsin law, punitive damages may be awarded for fraudulent misrepresentation. *See Jeffers v. Nysse*, 98 Wis.2d 543, 297 N.W.2d 495, 499 (1980) (permitting punitive damages when seller of home misrepresented heating costs). Thus, it is clear that Copy Plus *could* recover punitive damages under the circumstances alleged in its complaint.

■ In determining whether the amount in controversy exceeds $50,000, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *see also Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir.1974) (court must conclude "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount"). Application of the "legal certainty" test to the facts of this case leads us to conclude that the district court improperly dismissed Sharp's petition. In its answer to Sharp's request for admission, Copy Plus acknowledged that more than $50,000 could be at stake in the litigation. After reviewing the allegations made by Copy Plus, we cannot conclude on this record that " 'a verdict, if rendered for [the amount necessary to exceed $50,000] would be excessive and set aside for that reason.' " *Bell*, 320 U.S. at 243, 64 S.Ct. at 7 (quoting *Barry v. Edmunds*, 116 U.S. 550, 565, 6 S.Ct. 501, 509, 29 L.Ed. 729 (1886)). Accordingly, the district court had jurisdiction to entertain Sharp's motion.[1]

## Conclusion

For the reasons stated above, the judgment of the district court is reversed and

---

1. We do not decide what effect should be given to the Wisconsin state court's decision. In ruling on Sharp's motion, the district court did not reach this issue because the court held that it lacked subject matter jurisdiction. Therefore, it

would be premature for us to consider this argument before our colleague in the district court has had an opportunity to decide this issue.

the case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.