Jamie **ADKINS**, Plaintiff,

v.

Kathy Regina **GIBSON**,
et al., Defendants.

Civ. A. No. 2:95–0742.

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 24, 1995.

Steven M. Thorne, Cook & Cook, Madison, WV, for plaintiff.

S. Douglas Adkins, Mundy & Adkins, Huntington, WV, for defendants.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the Plaintiff's Motion to Remand. The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

### FACTUAL AND PROCEDURAL BACKGROUND

This action was initiated in the Circuit Court of Logan County, West Virginia on

July 31, 1995. On August 25, 1995 Defendant Allstate Insurance Company removed the case to this Court, alleging the citizenship of the parties is diverse and the amount in controversy exceeds fifty thousand dollars ($50,000.00) pursuant to 28 U.S.C. § 1332(a).[1] On September 20, 1995 Plaintiff moved to remand arguing the amount in controversy is less than the fifty thousand dollar ($50,-000.00) threshold necessary to support federal jurisdiction. Resolution of this matter is complicated by the fact that the *ad damnum* clause in the Complaint does not seek judgment in a specific dollar amount.

Plaintiff's claims arise from an automobile accident in which Plaintiff alleges injuries. Defendant Gibson allegedly lost control of her vehicle and entered an auto repair lot. Her automobile collided with a second automobile, which struck a van on which Plaintiff was working. Plaintiff alleges he suffered serious and permanent personal injuries, both physically and psychologically, as a proximate result of the collision. (Complaint ¶ 13–15).

Plaintiff settled his personal injury claim with Defendant Gibson by receiving payment of five thousand dollars ($5,000.00) from her liability insurance carrier, Colonial Insurance Company of California. Plaintiff now pursues an underinsured motorist claim against Defendant Allstate, the carrier for his father, Thomas E. Adkins. Allstate disputes Plaintiff is entitled to coverage as an additional insured under the terms and conditions of the policy. Plaintiff seeks, *inter alia*, compensatory damages for past and future medical expenses, lost wages, and lost earning capacity.[2] (Complaint ¶ 13–15). Because the terms of the Allstate policy specifically excluded coverage for punitive damages, Plaintiff's claim for punitive damages was eliminated by this Court's Memorandum Opinion and Order entered November 8, 1995.

1. 28 U.S.C. § 1332(a) states, in pertinent part: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different States."

## DISCUSSION

■ Removal statutes must be construed strictly against removal. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 124 (S.D.W.Va.1994) (Haden, C.J.). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, a remand is necessary. *Id.; see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

■ Generally, in determining whether the requisite jurisdictional amount is in controversy, the "sum claimed by the Plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify the dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938); *Wiggins v. North American Equitable Life Assur. Co.*, 644 F.2d 1014 (4th Cir.1981); *accord Zimmer–Hatfield, Inc. v. Wolf*, 843 F.Supp. 1089, 1090 (S.D.W.Va.1994) (Haden, C.J.); *Steele v. Morris*, 608 F.Supp. 274, 276 (S.D.W.Va. 1985) (Haden, C.J.).

> "[A] defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *Kennard v. Harris Corp.*, 728 F.Supp. 453 (E.D.Mich.1989). The rule could hardly be otherwise. For if it were, any plaintiff could avoid removal simply by declining, as the plaintiffs have done here, to place a specific dollar value upon their claim."

*Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D.W.Va.1994) (Faber, J.); *accord Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp.*, 670 F.Supp. 591 (M.D.Pa.1986).

2. Contrary to the allegations of the Complaint, Adkins now states in his memorandum in support of his motion to remand, "plaintiff did *not* make a claim for lost wages and is *not* alleging that he sustained totally disabling injuries." (Pl.'s Mem. at 3) (emphasis added).

"When the amount of damages a plaintiff seeks is unclear, the courts often require the defendant to prove to a legal certainty that the claim meets the requisite jurisdictional amount. This principle stems from *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), and has been applied in recent cases such as *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir.1992), and *Marler v. Amoco Oil Co.*, 793 F.Supp. 656 (E.D.N.C.1992). It seems clear, in such circumstances, that the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 at 423–24 (1985). Thus, the court may consider, in addition to plaintiffs' Complaint, the removal petition and other relevant matters in the file."

*Mullins*, 861 F.Supp. at 23; *see also Corwin*, 670 F.Supp. at 591; *Smith v. Executive Fund Life Ins. Co.*, 651 F.Supp. 269 (M.D.La.1986).

The Court has examined a breach of contract action somewhat analogous to the case at bar. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D.W.Va. 1994) (Faber, J.). In *Mullins*, plaintiffs sought compensatory damages for: (1) the amount of the contract, seventeen thousand nine hundred ninety-five dollars ($17,995.00); (2) finance charges plaintiffs incurred; and, (3) "aggravation, annoyance and inconvenience." *Id.* at 23. Plaintiffs also requested an award of punitive damages. Other than the contract price, the Complaint did not place specific dollar amounts on the respective items of damages claimed. In opposing the removal, plaintiffs contended, *inter alia*, defendant's rejection of their forty-five thousand dollar ($45,000.00) settlement offer was evidence the amount in controversy did not meet the requisite amount.

The Court disagreed. The Court gave great weight to plaintiff's request for punitive damages. As the Court opined,

"[i]f plaintiffs are successful on this claim, West Virginia law would support an award of punitive damages which, when added to plaintiffs' claim for compensatory damages including aggravation and annoyance, could exceed the $50,000 jurisdictional amount ... this court is confident that plaintiffs will, upon trial of this action, whether in state or federal court, seek to establish total compensatory and punitive damages well in excess of the $50,000 jurisdictional amount."

*Id.* at 24.[3]

The Court further viewed Plaintiffs forty-five thousand dollar ($45,000.00) settlement offer as evidence the threshold amount in controversy was met.

"Plaintiffs contend that their offer to settle for $45,000 is proof that the $50,000 jurisdictional amount in controversy is absent. This court views the $45,000 offer as evidence of just the opposite. In order to allow for the hazards and costs of litigation, settlement offers routinely represent a discount from the damages plaintiffs will attempt to prove at trial. If these plaintiffs are willing to settle for $45,000 before trial, we can be assured that evidence of damages offered by them at trial will significantly exceed that sum. It takes only a small increase over the settlement offer to reach the $50,000 threshold for federal jurisdiction."

*Id.*

In the instant case, the Court looks to the record to evaluate whether the jurisdictional amount has been satisfied. Specific monetary losses alleged are minimal.

In his Motion to Remand, Plaintiff asserts he sustained medical expenses in the amount of three thousand two hundred fifteen dollars and seventy-five cents ($3,215.75). (Pl.'s Mo-

---

**3.** The Court relied upon *Sharp Elec. Corp. v. Copy Plus, Inc.*, 939 F.2d 513 (7th Cir.1991) in this analysis. In *Sharp,* the plaintiff's complaint requested fifteen thousand dollars ($15,000.00) in compensatory damages, additional damages in an unspecified amount for loss of customer goodwill, and punitive damages. The court concluded the defendant potentially could recover punitive damages in an unspecified amount under the allegations of the complaint. The potential punitive recovery coupled with the fifteen thousand dollar ($15,000.00) compensatory damages claim was held sufficient to satisfy the jurisdictional requirement.

tion at 1). As noted, Plaintiff previously settled with Gibson's carrier for the amount of five thousand dollars ($5,000.00). Further, Plaintiff "acknowledges that the amount in controversy in this case is less than $50,000.00 and asks this Court to remand the case back to Logan County Circuit Court so the plaintiff can file an amended complaint alleging damages in the amount of Forty Thousand Dollars ($40,000.00)." *Id.* at 1–2.

In West Virginia, a plaintiff is not bound by the *ad damnum* clause and may seek to amend it after final judgment to conform to the evidence. *Berry v. Nationwide Mut. Fire Ins. Co.,* 181 W.Va. 168, 381 S.E.2d 367 (1989). Thus, Plaintiff cannot defeat removal with the *ad damnum* clause alone. *See Dunn v. Pepsi–Cola Metro. Bottling Co.,* 850 F.Supp. 853, 855 (N.D.Cal. 1994) ("in states that do not recognize an *ad damnum* clause as an enforceable limit on plaintiff's ultimately [sic] recovery, 'the principle that a party may defeat removal by limiting the claim to less than the required amount would have no application.'") (quoting 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 at 425 (1985)).

Nevertheless, Plaintiff has made binding representation to the Court that the amount in controversy is less than fifty thousand dollars ($50,000.00), for which he could and would be held accountable under *Rule* 11 of the *Federal Rules of Civil Procedure,* the *Local Rules* of this Court, and the *Rules of Professional Conduct.* Based on this representation, the Court finds and concludes the amount in controversy has been established to a legal certainty to be less than the jurisdictional minimum. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** the action to the Circuit Court of Logan County, West Virginia for all further proceedings.

The Court further **DENIES** as moot all remaining motions.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.