**Gary Carson CLINE, Plaintiff,**

v.

**Janice Harman MATNEY and Allstate Insurance Company, Defendants.**

**No. CIV. A. 2:98–0640.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 22, 1998.

Christopher J. Heavens, Vickie R. Dodd Heavens Law Offices, Charleston, WV, for Plaintiff.

Tanya M. Kesner, Brent K. Kesner Kesner, Kesner & Bramble, Benjamin L. Bailey, Ronda L. Harvey Bowles, Rice, McDavid, Graff & Love, Charleston, WV, for Defendant.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Plaintiff's Motion to Remand. The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This action was initiated in the Circuit Court of Mingo County, West Virginia on June 16, 1998. On July 17, 1998 Defendant Allstate Insurance Company removed the case to this Court, alleging the citizenship of the parties is diverse and the amount in controversy exceeds seventy-five thousand dollars ($75,000), pursuant to 28 U.S.C. § 1332(a).[1] On the same date, Defendant Matney filed a consent to removal. On August 18, 1998 Plaintiff moved to remand arguing the amount in controversy is less than

---

**1.** 28 U.S.C. § 1332(a) states, in pertinent part: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."

the seventy-five thousand dollar ($75,000) threshold necessary to support federal jurisdiction. Resolution of this matter is complicated by the fact that the ad damnum clause in the Complaint does not seek judgment in a specific dollar amount.

Plaintiff's claims arise from an automobile accident in which Plaintiff alleges injuries. Defendant Matney allegedly lost control of a truck he was driving, in which Plaintiff was a passenger. Plaintiff alleges he suffered physical and emotional injuries as a proximate result of the collision. Compl. ¶ 6, 7, 12.

Prior to filing this action, Plaintiff recovered twenty-five thousand dollars ($25,000) through the liability coverage of the only other tortfeasor, an amount which represented the limit of that tortfeasor's coverage. Plaintiff now pursues a personal injury claim against Defendant Matney, an Unfair Claim Settlement Practices Act claim against Defendant Allstate, under which he also seeks punitive damages, and an excess liability claim against Defendant Allstate.

## II. DISCUSSION

This case is similar to the Court's decision in *Adkins v. Gibson*, 906 F.Supp. 345 (S.D.W.Va.1995) (Haden, C.J.). General principles applicable there likewise inform the Court here. In *Adkins*, the Court noted removal statutes must be construed strictly against removal. 906 F.Supp. at 346 (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994)); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 124 (S.D.W.Va.1994) (Haden, C.J.). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.; see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Further, *Adkins* points out:

[g]enerally, in determining whether the requisite jurisdictional amount is in controversy, the "sum claimed by the Plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify the dismissal [or remand]."

906 F.Supp. at 346 (quoting *St. Paul Mercury Indem., Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

Finally, *Adkins* notes:

When the amount of damages a plaintiff seeks is unclear, the courts often require the defendant to prove to a legal certainty that the claim meets the requisite jurisdictional amount. This principle stems from *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), and has been applied in recent cases such as *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir.1992), and *Marler v. Amoco Oil Co.*, 793 F.Supp. 656 (E.D.N.C.1992). It seems clear, in such circumstances, that the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 at 423–24 (1985). Thus, the court may consider, in addition to plaintiff's Complaint, the removal petition and other relevant matters in the file. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23.

906 F.Supp. at 347.

In *Adkins*, the Court ultimately relied upon Plaintiff's binding representation to the Court that the amount in controversy was less than the jurisdictional limit. 906 F.Supp. at 348. Here, Plaintiff asserts in his Motion to Remand that Defendant Allstate provides only a twenty-five thousand dollar ($25,000) liability policy that Plaintiff seeks to recover (Pl.'s Mot. ¶ 2), Plaintiff has not sought more than an aggregate total of fifty thousand dollars ($50,000) in this litigation (*Id.* ¶ 5), and Plaintiff agrees to stipulate the value of the case is less than the jurisdictional requirement of seventy-five thousand dollars ($75,000). *Id.* ¶ 8. Defendants counter that Plaintiff's medical bills exceed thirty-thousand dollars ($30,000) and Plaintiff has undergone further surgery. Defs.' Resp. to Pl.'s Mot. at 3. Defendants add the concluso-

ry statement that compensatory damages combined with punitive damages "theoretically increase the amount in controversy [so it] could exceed" the minimum diversity jurisdictional threshold of seventy-five thousand dollars ($75,000). *Id.*

In *Adkins*, the Court relied on Plaintiff's binding representation to the Court that the amount in controversy was less than the threshold amount, a statement for which he could and would be held accountable under *Rule 11 of the Federal Rules of Civil Procedure,* the Local Rules of this Court, and the Rules of Professional Conduct. However, this case is distinguishable from *Adkins* on two grounds. First, in *Adkins,* no punitive damages were sought because the Court had previously ruled that the insurance policy in question specifically excluded such coverage. 906 F.Supp. at 346. Here, Plaintiff seeks punitive damages against Defendant Allstate, which could increase the value of the claim substantially. Second, in *Adkins,* specific monetary losses alleged were minimal. *Id.* at 347. Here, medical bills already exceed thirty thousand dollars ($30,000), not insignificant, even by today's standards.

Accordingly, the Court finds and concludes the amount in controversy has not been established to a legal certainty to be less than the jurisdictional minimum of seventy-five thousand dollars ($75,000). The Motion to Remand is **DENIED.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.