Hoy Daniel **RULE**, et al., Plaintiffs,

v.

**FORD RECEIVABLES, INC.,**
**et al., Defendants.**

No. CIV. A. 2:98–1218.

United States District Court,
S.D. West Virginia,
Charleston Division.

Feb. 17, 1999.

Vincent J. King, Charleston, WV, for Hoy Daniel Rule, and Kathryn L. Rule, plaintiffs.

Wade A. Thunhorst, Dallas, TX, for Ford Receivables, Inc., defendant.

Mary H. Sanders, Shawn R. Romano, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, WV, Bruce S. Luckman, Mark E. Kogan, Timothy P. Creech, Marion, Satzberg, Trichon, Kogan & Wertheimer, Philadelphia, PA, for Trans Union Corp., defendant.

Stuart A. McMillan, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, Lewis P. Perling, Kilpatrick Stockton, LLP, Atlanta, GA, for Equifax Credit Information Services, Inc., defendant.

Andrew B. Cooke, Flaherty, Sensabaugh & Bonasso, for West Virginia Credit Reporting Services, Inc., defendant.

Roger D. Hunter, Neely & Hunter, Charleston, WV, for Experian Information Solutions, Inc., defendant.

Larry R. Wells, Morwell Corp., Oceanside, CA, for Morwell Financial Group of America, defendant.

Scott W. Andrews, Michael M. Fisher, Offutt, Fisher & Nord, Charleston, WV, for Ocwen Federal Bank, FSB, defendant.

## MEMORANDUM OPINION AND REMAND ORDER

HADEN, Chief Judge.

Pending is Plaintiffs' motion to remand. Defendant Equifax Credit Information Services, Inc. ("Equifax") has responded, and Plaintiffs have replied. The matter is considered ripe for review. After careful consideration, the Court GRANTS the motion.

### I. FACTUAL BACKGROUND

For purposes of this Memorandum Opinion and Order, the Court employs the facts alleged by Plaintiffs.

Hoy Daniel Rule and Kathryn L. Rule, West Virginia residents, purchased a ½₂ interest in a townhouse at Lakeview Resort Club in August 1984, giving a deed of trust and promissory note in payment to Lakeview Resort Venture ("Lakeview"). Lakeview then assigned the right to collect payment to Berkeley Federal Savings and Loan Association of New Jersey ("Berkeley"), to whom Plaintiffs made payment.

On June 17, 1986, Berkeley reassigned to Lakeview the right to collect on dozens of deeds of trust, including Plaintiffs'. On June 26, 1986 Lakeview offered to release Plaintiffs from indebtedness in exchange for a reconveyance. On July 8, 1986 Plaintiffs reconveyed their interest in the townhouse in exchange for the release of their deed of trust.

Several years later and on more than one occasion since, Plaintiffs allegedly were denied credit or suffered damage to their credit rating when various Defendants reported this debt as uncollected. The Rules were contacted at various times by entities seeking to recover the debt. They allege that, each time, they provided documentation that the debt had been released. Each time, they believed the matter was resolved.

This action was commenced in the Circuit Court of Kanawha County, West Virginia when Plaintiffs filed their Complaint on November 13, 1998. The original defendants were Ford Receivables, Inc.; Ford Receivables, Inc. d/b/a/ Commercial Recovery Systems; Trans Union Corporation; Equifax; Experian Information Solutions, Inc.; and Morwell Financial Group of America,[1] all of which are non-residents. The Complaint alleged "willful, wanton and intentional misconduct" and negligence associated with incorrect reporting and maintenance of Plaintiffs' credit background.

On December 22, 1998 Equifax filed in this Court a "Joinder and Consent to Removal and Notice of Additional Grounds for Removal," with a copy of the summons and Complaint from the state court. Attached were also "Joinder and Consent to Removal" forms by Defendants.[2] The parties removed on the basis of federal question under the

---

1. These original defendants will be referred to collectively as "Defendants."

2. Morwell Financial Group later filed its individual joinder and consent on December 28, 1998, but such was included with the notice of removal.

Fair Credit Reporting Act for the claim against Equifax. Any other claims under West Virginia law, Equifax asserted, could be adjudicated under supplemental jurisdiction.

On December 22, the Rules moved to remand, arguing that, prior to removal, an Amended Complaint had been filed in the Circuit Court that asserted claims against two new defendants, West Virginia Credit Reporting Services, Inc., to whom service of process was made allegedly prior to removal, and Ocwen Federal Bank, FSB. The Rules contend Defendants knew of these new defendants, who did not join in the removal. Furthermore, they argue neither the Complaint nor the Amended Complaint state claims under the Fair Credit Reporting Act and therefore they deny the presence of a federal question.

On January 15, 1999 West Virginia Credit Reporting Services, Inc. filed a "Joinder and Consent to Removal." On January 21, Ocwen Federal Bank filed the same.

## II. DISCUSSION

Defendants contend removal is appropriate under 28 U.S.C. § 1441 and § 1446 because Plaintiffs' claims, properly pled, present a federal question. 28 U.S.C. § 1446 states the procedure for removal, reprinted in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file ... a notice of removal ... together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

A motion to remand on "the basis of any defect other than lack of subject matter jurisdiction" must be made within 30 days after the notice of removal is filed. 28 U.S.C. § 1447(c).[3] A court may remand for lack of subject matter jurisdiction, however, "any time before final judgment." *Id.*

Removal statutes must be strictly construed and the burden of establishing the propriety of removal is upon the removing parties. *Cline v. Matney*, 20 F.Supp.2d 977, 978 (S.D.W.Va.1998) (Haden, C.J.). " 'Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction.' " *Bazilla v. Belva Coal Co.*, 939 F.Supp. 476, 477 (S.D.W.Va.1996) (Haden, C.J.) (quoting *Scott v. Greiner*, 858 F.Supp. 607, 610 (S.D.W.Va.1994) (Haden, C.J.) (citations omitted)).

### A. Procedural Challenges

Plaintiffs argue at least two grounds for remand on the basis the removal was procedurally defective, namely (1) two defendants added shortly before removal did not consent and join in the removal and (2) removal was based on the Complaint rather than the Amended Complaint that was filed shortly before removal. The Court need not resolve these arguments, again, because Plaintiffs' substantive challenges to removal control the case's disposition.

### B. Substantive Objection to Jurisdiction

Defendants removed this case on the basis the Plaintiffs' Complaint is based in facts and claims constituting a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681p. Our Court of Appeals has recently addressed the posture in which a court addresses this scenario:

> Under 28 U.S.C. § 1441(a), a defendant may remove any civil action to federal court if the plaintiff's complaint presents a federal question, such as a federal cause of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). However, a defendant may not remove a civil action on the basis of a defense of federal preemption, even if the defense is anticipated in the complaint, and even if pre-emption is the only issue in the case. *See id.* at 393, 482 U.S. 386, 107

---

3. The Court notes the possibility of a challenge to the timeliness of the removal. Equifax, who filed the notice of removal, asserts it was served with process on November 18, 1998. It filed its notice of removal on December 22, 1998, which would have been over thirty days past removal. The timeliness of the notice of removal was not challenged by Plaintiffs within thirty days following removal. The Court declines to address this issue both because the case is resolved by Plaintiffs' substantive challenge to removal and because the Court deems the timeliness issue waived by Plaintiffs.

S.Ct. 2425, 96 L.Ed.2d 318. Consequently, federal question jurisdiction is determined by the "well-pleaded complaint" rule, which provides that the federal question must be "presented on the face of the plaintiff's properly pleaded complaint" to confer jurisdiction, *id.* at 392, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318, and the plaintiff "may avoid federal jurisdiction by relying exclusively on state law." *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1261 (4th Cir.1989).

There exists a class of cases where the preemptive force of a statute is so "extraordinary" that any claim based on preempted state law is considered a claim arising under federal law. *Id.* This "complete preemption" corollary to the "well-pleaded complaint" rule applies to claims under § 301 of the LMRA. *Id.* at 1261–62. In effect, the application of complete preemption "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Accordingly, if the plaintiff's state law claim is preempted by § 301 of the LMRA, the action may be removed to federal court even though the plaintiff's complaint does not include a federal cause of action. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258–64, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). *Owen v. Carpenters' District Council*, 161 F.3d 767, 772 (4th Cir.1998).

Here, Defendants allege that the FCRA preempts Plaintiffs' state negligence claims by virtue of one FCRA provision, which states:

> Except as provided in sections 1681n and 1681o of this title, *no consumer may bring any action or proceeding in the nature of* defamation, invasion of privacy, or *negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or*

> *any person who furnishes information to a consumer reporting agency,* based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer.*

15 U.S.C. § 1681h(e) (emphasis added). Defendants argue, under this provision, Plaintiffs' negligence claims are preempted by the FCRA, such that the Complaint raises a federal question.

■ Our Court of Appeals has recognized, also, that preemption transforms a state law claim into a federal question only "where the preemptive force of a statute is so 'extraordinary.'" *Owen,* 161 F.3d at 772. At least one district court extensively examined whether the FCRA's preemption provision [4] is designed to be as broad as the LMRA or ERISA. *See Harper v. TRW,* 881 F.Supp. 294 (E.D.Mich.1995). In its detailed analysis, the *Harper* court determined that "nothing in the legislative history or the FCRA itself" demonstrated a congressional intention to transform preempted state law claims into removable federal question cases. *Id.* at 299. Instead, the Court found "[t]he plain jurisdictional language of the statute, in fact, weighs heavily *against* preemption" because the statute grants concurrent jurisdiction over FCRA claims to federal and state courts, which is "wholly absent in the LMRA and ERISA." *Id.* Consequently, the court concluded, "The foregoing discussion makes clear that while Defendant TRW may have an FCRA preemption defense to Plaintiff's invasion of privacy claims, the FCRA does not provide for removal of the claims." *Id.* Defendants have presented no contrary authority so thoroughly discussing the particular issue of complete preemption, nor can the Court locate any.[5] Indeed, the *Harper* court

---

4. An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . .

15 U.S.C. § 1681p.

5. The Court's decision is not changed by the recent Eleventh Circuit case, *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir.1998). There, the court determined only that a complaint specifi-

analysis is persuasive. The Court concludes the FCRA's preemptive force is not so " 'extraordinary' " as to constitute complete preemption.

The Court next turns to the application of the "well-pleaded complaint" rule and examines whether Plaintiffs' claims raise a federal question sufficient for removal. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint" to confer jurisdiction. *Owen,* 161 F.3d at 772. "A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption." 16 *Moore's Federal Practice* § 107.14[3][a][iii]. After careful consideration, the Court concludes Plaintiffs' well-pleaded complaint raises only questions of state law. Defendants' potential preemption defense is the sole potential federal question. Such a defense, which may be asserted, successfully or unsuccessfully, in the state court, does not provide a basis for removal.[6]

### III. CONCLUSION

Accordingly, after careful consideration, the Court **GRANTS** Plaintiffs' motion to remand and **REMANDS** the case to the Circuit Court for Kanawha County. The remand is fully effective this date for all purposes.

The Clerk is directed to send a copy of this Memorandum Opinion and Remand Order to all counsel of record and any unrepresented parties as well as to return the file with a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County.

cally alleging FCRA claims was removable. The *Lockard* court was not presented with a question regarding whether the FCRA wholly preempted state law claims.

6. Furthermore, the Court notes without deciding that diversity jurisdiction is not present because the Plaintiffs are West Virginia citizens and the West Virginia Credit Reporting Services, Inc., appears likewise to be a West Virginia citizen.